UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| EDONIS REYES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV421-213 |
| | ) | |
| SELECT PRECAST LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Edonis Reyes requested that Defendant Select Precast, LLC provide:

> Any and all documents identifying retroactive payment of wages or compensation to any of Defendant's employees for the two (2) year period prior to the filing of this lawsuit that were made under the supervision of the administrator of the Wage and Hour Division, U.S. Department of Labor, including the amount of such payment to each employee, the period covered by such employment, the date of the payment and the name(s) of the employee(s) to whom such payment was made.

Doc. 41 at 1 ("Request No. 3"); doc. 42-1 at 2.[1] Defendant objected "on the grounds of [1] relevancy and [2] proprietary information subject to a

---

[1] Plaintiff's Requests for Production repeats this document request twice. *See* doc. 42-1 at 2-3 (repeating this request as both Request No. 3 and 4). Plaintiff confirmed that the duplication was an inadvertent error, and that the request related to Department of Labor-supervised payments is captured by Request No. 3. Doc. 53 (Minute Entry).

1

Motion for a Protective Order under Fed. R. Civ. P. 26(c)(g) [sic]."[2] Doc. 42-2 at 3. Following a conference, doc. 39 (Minute Entry), Plaintiff moved to compel a response to the request ("Motion to Compel"). Doc. 41. Plaintiff's motion requests that the Court order Defendant to "sufficiently respond" to Request No. 3, and that "Plaintiff recover his reasonable expenses . . . ." *Id.* at 6. Defendant opposes, doc. 45, and moved for a protective order. Doc. 42 at 1; *see also* doc. 44 (Plaintiff's opposition).

After a second conference, the Court directed the parties make one final attempt at voluntary resolution and notify the Court of the outcome. Doc. 53. Defendant timely produced responsive documents. *See* doc. 56 at 2; doc. 57 at 3. Despite that production, Plaintiff asserts that the documents produced were "unacceptable." Doc. 56 at 2. Due to several alleged deficiencies, he requests that the Court "formally [grant his] Motion to Compel[, doc. 41,]" and order Defendant to cover the fees he incurred in litigating this discovery dispute. Doc. 56 at 1. He also disputes Defendant's assertion that he should bear costs associated with

---

[2] The Court assumes that Defendant's second objection to Request No. 3 is based on Fed. R. Civ. P. 26(c)(1)(G), which governs protective orders related to "trade secret[s] or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."

the production. *Id.* at 2. Defendant responded to the Notice. Doc. 57 (the "Supplement").

## ANALYSIS

### I. Document Production

After Defendant produced documents responsive to Request No. 3, Plaintiff and Defendant both requested that the Court dispose of the competing Motion to Compel, doc. 41, and Motion for Protective Order, doc. 42. *See* docs. 56-58. Those two motions constitute a dispute over *whether* Defendant must produce documents responsive to Request No. 3. Now that Defendant has produced documents, their dispute concerns the adequacy of that production.[3] *See* docs. 56-58.

Plaintiff asserts that the documents are deficient in three ways: (1) despite his consent to redaction of social security numbers only, Defendant produced checks with redacted recipient names and amounts,

---

[3] Ordinarily, disputes concerning the sufficiency of a discovery response are distinct from disputes concerning whether any response is necessary. *See, e.g.*, *Hologram USA Inc. v. Pulse Evolution Corp.*, 2016 WL 3663942, at *2 (D. Nev. July 7, 2016). The Court might, therefore, require another attempt to resolve the dispute informally. Here, however, the parties have engaged in a continuous dispute concerning the response and counsel have demonstrated an inability to collaborate productively. Since the parties do not dispute that the sufficiency issue is ripe for decision, the Court will not require them to restart the discovery dispute process. *Cf.* Fed. R. Civ. P. 1.

doc. 56 at 2, 4; (2) Defendant failed to "label the pay periods in which each check covered," *id.* at 3; and (3) "the bank statements Defendant produced were illegible, with several blank pages, and content going in different directions," *id.* The Court will address each of these alleged deficiencies in turn.

### A. *Defendant must produce the documents without redactions.*

Defendant initially objected to Request No. 3 on the grounds of relevance, doc. 42-2 at 3, and reasserted this objection by explaining that its redactions removed irrelevant information from the produced documents. Doc. 57 at 4. Accordingly, the Court construes the redactions as a production subject to the initial relevance objection. In order to prevail on this objection, Defendant must show that the redacted information is not relevant to "any party's claim or defense." Fed. R. Civ. P 26(b)(1); 8 Charles A. Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice and Procedure: Civil § 2008 (3d ed. 2021) (". . . burden is on the party opposing discovery to show that it is not relevant."). It has not met this burden.

Throughout this dispute, Plaintiff has maintained that the documents related to retroactive wage payments are relevant because

they are probative of whether Defendant's alleged violations of the FLSA against him were "willful." Doc. 41 at 4-6 (citing *Allen v. Bd. of Pub. Educ. for Bibb Cty.*, 495 F.3d 1306, 1323 (11th Cir. 2007)). Although the FLSA generally has a two-year statute of limitations for claims seeking unpaid wages, if a plaintiff can show that the violation was "willful," the statute of limitations is three years. *Mobley v. Shoe Show, Inc.*, 2018 WL 6357499, at *11 (S.D. Ga. Sept. 24, 2018). An employer's FLSA violation is "willful" if it "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *Kean v. Bd. of Trustees of the Three Rivers Reg'l Libr. Sys.*, 321 F.R.D. 448, 450 n.4 (S.D. Ga. 2017) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)). Plaintiff alleges that his employment for Defendant started in January 2018, doc. 27 at 2 (Amended Complaint), and that he was terminated in September 2021, *id.* at 8. Accordingly, if he could show that it "willfully" violated the FLSA, he would be entitled to three years of damages instead of two.

Defendant's only responses to his theory of relevance is that the information regarding "[c]hecks written to vendors, office expenses, purchases of concrete[,] and other non-related matters [which] are of no

relevant value to the Plaintiff," and the "name[s of] payees as well as the [payment] amounts" constitute "information that should not be viewed."[4] Doc. 57 at 4. These statements do not explain *why* the redacted information is not relevant, and are insufficient to vindicate Defendant's contention.[5] Accordingly, Plaintiff's Motion to Compel is **GRANTED** to

---

[4] To be sure, checks for "non-related matters" are irrelevant. It also does not appear that they are responsive to Request No. 3. It is not clear, therefore, why such checks would have been included in the production in the first place, redacted or not. The parties should identify some mutually agreeable means, possibly in the nature of a log or notation on the documents themselves, that clearly identifies information within the production that is not responsive.

[5] Defendant also briefly mentions Plaintiff's "willfulness" argument is in its response to Plaintiff's Motion to Compel:

> Essentially, the Plaintiff's argument is that evidence of Defendant's alleged willful misconduct can be shown by a pattern of misconduct on the part of the Defendant (i.e. repeated violations, allegedly, of Defendant's other workers under the FLSA). *However, to be discoverable, it is axiomatic that the Plaintiff must initially show he or she has evidence sufficient to prove the Defendant is liable to the Plaintiff.* For reasons stated in Defendant's Motion to Stay Discovery[, doc. 40], the undisputed Premium Rate of payments made to Plaintiff that exceeded the Prevailing Rate of pay shows the Plaintiff's claim against the Defendant to be without merit, when the excess over the Prevailing Rate is applied as a credit toward overtime requirements of the FLSA [29 USC 206(e)(5),(h)].

Doc. 45 at 4 (emphasis added); *see also* doc. 42 at 4 (Defendant's Motion for Protective Order makes a similar argument). Far from being "axiomatic," the contention that discoverability depends upon an initial evidentiary showing "sufficient to prove the Defendant is liable to the Plaintiff," seems to invert the normal course of litigation. Defendant has argued, in the cited Motion to Stay, that it should be permitted to seek summary judgment on a potential FLSA collective action before responding to the disputed request. Doc. 40 at 4-6. The Court denied that motion, reasoning that it was premature in the absence of such a summary judgment motion. *See generally* doc. 55. Defendant has still not filed any motion for summary judgment.

the extent it seeks unredacted documents.  Doc. 41, in part; doc. 56, in part; *see, e.g.*, *Asphalt Paving Sys., Inc. v. General Combustion Corp.*, 2016 WL 3167712, at *2 (M.D. Fla. June 7, 2016) ("The Court does not consider frivolous, conclusory, general, or boilerplate [document production] objections."). Defendant is **DIRECTED** to make unredacted versions of the documents available for Plaintiff's inspection consistent with the Court's instructions below.

   B. *Defendant need not label each produced paycheck with "pay periods."*

Plaintiff argues that Defendant failed to "label the pay periods in which each check covered." Doc. 56 at 3. Request No. 3, however, does not request that Defendant label documents with pay periods; it requests retroactive-payment-related documents that include pay periods. *See* doc. 41 at 1. Plaintiff has not argued that Defendant failed to produce any responsive document. *See generally* docs. 56 & 58. To the extent he believes that Request No. 3 should be construed as a demand that Defendant add dates to each produced paycheck, such a request is beyond the scope of Rule 34's authorization of a party to request "documents." Fed. R. Civ. P. 34(a)(1)(A).

7

His reliance on Fed. R. Civ. P. 34(b)(2)(E)(i) is misplaced. Doc. 56 at 3. Under Rule 34(b)(2)(E)(i), "[a] party must produce documents as they are kept in the usual course of business *or* must organize and label them to correspond to the categories in the request." *Id.* (emphasis added); *see also Alfiniti, Inc. v. Prime Glob. Grp., Inc.*, 2018 WL 11303794, at *1 (M.D. Fla. Aug. 30, 2018) (describing the "option"). Even if Request No. 3 could be reasonably construed as a demand that Defendant organize and label the checks in some fashion (and the Court thinks it cannot), it does not include any "categories" of pay periods within which Defendant could organize the checks. *See* doc. 41 at 1. Accordingly, his request that the Court order Defendant to label the checks is **DENIED**. Doc. 41, in part; doc. 56, in part.

C. *Defendant must produce the bank statements in a legible format.*

Finally, Plaintiff asserts that "the bank statements Defendant produced were illegible, with several blank pages, and content going in different directions."[6] Doc. 56 at 3. He attached an exhibit to his Notice

---

[6] Plaintiff's assertion that the bank statements contain "content going in different directions" is too vague for the Court to consider whether Plaintiff is entitled to some form of relief for that deficiency.

which appears to include copies of checks from bank statements produced by Defendant. Doc. 56-7 at 2-3.[7]

Although Rule 34 permits Defendant to provide the documents in a "translat[ed] . . . form" such as photocopies, that form must be "reasonably usable." Fed. R. Civ. P. 34(a)(1)(A); *see also Seropian v. Wachovia Bank, N.A.*, 2011 WL 13225071, at *3 (S.D. Fla. Jan. 31, 2011) (illegible photocopies are not a "reasonably usable form" under Rule 34(a)(1)(A)). Accordingly, Defendant is **DIRECTED** to make these bank statements available for Plaintiff's inspection consistent with the Court's instructions below. If it requires more time to obtain legible bank statements, it is free to request an extension of time to produce them.

Plaintiff also notes that the bank statements Defendant produced included "several blank pages." Doc. 56 at 3. The documents he attached

---

[7] Defendant explains the poor photocopy quality as follows:

> The list of checks that were supplied to Plaintiff were produced exactly as the bank provided them to the Defendant. To obtain a larger copy, the only solution Defendant can suggest is order such checks from the Bank, but that is far more than a seven (7) day process.

Doc. 57 at 4-5. Defendant's reference to a "seven (7) day process" presumably refers to the seven-day period the Court afforded the parties to resolve this discovery dispute by agreement. The Court notes that Defendant did not request an extension of time to obtain legible copies of the checks. *See generally* docket.

as an exhibit are not blank; however, they appear to be scans of checks that are so badly faded that their content is not visible.[8]  Doc. 56-7 at 3. Defendant is similarly **DIRECTED** to produce all responsive documents consistent with the instructions below.

## II.   Fees and Costs

Plaintiff seeks an award of the fees he incurred in litigating this discovery dispute.  *See* doc. 41 at 6; doc. 56 at 5; doc. 58 at 5.  Further, both parties assert that the other party should be responsible for the costs associated with Defendant's choice to photocopy and send the documents to Plaintiff.  *See, e.g.*, doc. 56 at 2-4; doc. 57 at 5.  Because of both parties' unreasonable conduct throughout this dispute, however, the Court declines to shift any expenses.

First, the parties' exhibits indicate that Plaintiff's counsel persistently mischaracterized, or at best overstated, the Court's instructions discussed at the status conference and clearly articulated in the post-conference Minute Entry, doc. 53.  The Court afforded the parties an opportunity to resolve their discovery dispute by agreement

---

[8]  It is also possible that the documents include the reverse side of the statements, onto which the redactions have bled through.  *See* doc. 56-7 at 2-3.

10

and did not compel Defendant to make any document production. *See id.* Plaintiff, however, repeatedly asserted that the Court had ordered it to produce the documents.[9] This characterization is inconsistent with his own subsequent position, which recognizes that the Court had not yet disposed of the Motion to Compel, doc. 41. Doc. 56 at 1 (Notice requests that "the Court formally [grant] Plaintiff's Motion to Compel . . . .").

Defendant's counsel's decision to incur significant production costs despite the parties' disagreement regarding who should bear those costs also militates against cost-shifting. *See* doc. 57 at 2. He recognized that under Rule 34, although the responding party bears costs associated with

---

[9] *See, e.g.*, doc. 56 at 1 ("Following the Court's Order for Defendant to produce documents requested by Plaintiff within seven (7) days of the informal conference, Counsel began communication to find the most efficient way for Defendant to produce these documents."); *id.* at 2 ("Plaintiff's counsel explained to Defendant's counsel that the Order was for Defendant to produce the documents to Plaintiff . . . ."); doc. 56-3 at 2 (in an email to Defendant's counsel, "The court ordered that your client produce these documents to me, not a third party. If you are unable to do so within the time frame of what has been ordered by the Judge . . . ."); doc. 58 at 2 ("[None of Defendant's excuses] can relieve its obligation [to provide sufficient documents] ordered by the Court . . . ."). Additionally, in several instances, Plaintiff suggests to Defendant that the Court disposed of issues which were not mentioned at any conference, and are not in any orders on the docket of this case. *See* doc. 56-4 at 2 (in an email to Defendant's counsel, "The Court rejected your client's argument of producing these documents being costly and or unduly burdensome. Thus, it is your client's responsibility to provide the documents the Court has compelled your client to produce within seven (7) days Ordered, including any costs associated with producing these documents."); doc. 56-8 at 2 ("In regards to the production of documents, are you saying that your client intends to charge Mr. Reyes for pages ordered to be produced by the Court? The Court seems to have disagreed with your client's position that it would be unduly burdensome and costly for it.").

11

making a document available; if the requesting party seeks to have the document copied, the requesting party generally bears the copying costs. *See* doc. 57-2 at 1.[10] He also knew that Plaintiff's counsel had misstated this rule and demanded that Defendant send copies of the documents "free of charge." Doc. 56-8 at 2; *see also* doc. 56-3 at 2. The Court is left to wonder why he decided to incur copying costs knowing that Plaintiff disputed his responsibility for the costs, when he could have asked the Court to resolve the dispute.[11]

Because both parties were unreasonable, the Court declines to require them to cover each other's expenses associated with their discovery motions and document copying. Although the Federal Rules contemplate fee shifting for the requesting party if the responding party produces documents after a Motion to Compel is filed, there are exceptions. Fed. R. Civ. P. 37(a)(5)(A). Here, shifting Plaintiff's fees to

---

[10] *See also F.D.I.C. v. Bowden*, 2014 WL 2548137, at *10 (S.D. Ga. June 6, 2014) (Smith, M.J.) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358 (1978) ("[T]he parties will operate under the general rule . . . that the responding party bears the. . . cost of reviewing and gathering the documents, then making them available for inspection . . . . Conversely, the burden generally is on the requesting party to pay the cost of copying the documents." (quotations and citations omitted)).

[11] Another exhibit indicates that Defendant's counsel recognized the possibility of seeking an extension of the Court's deadline for the parties to resolve this dispute by agreement. *See* doc. 57-2 at 2. Defendant, however, never moved for an extension after the status conference, doc. 53. *See generally* docket.

12

Defendant would be "unjust" under Fed. R. Civ. P. 37(a)(5)(A)(iii) due to Plaintiff's counsel's mischaracterization of the Court's instructions. Further, although a party requesting copies of documents is generally responsible for copying costs, the Court finds that awarding Defendant copying costs would be inappropriate in light of its inexplicable decision to incur the costs despite the parties' dispute. *See Bowden*, 2014 WL 2548137, at *10 (". . . [T]he court *may* apportion the costs of [copying documents] depending on the circumstances.") (quotations and citations omitted) (emphasis added); *Pasley v. Caruso*, 2013 WL 1499494, at *3 n.2 (E.D. Mich. Apr. 11, 2013) ("Moreover, even when awarding copying fees in [*Delozier v. First Nat'l Bank of Gatlinburg*, 109 F.R.D. 161 (E.D. Tenn. 1986)], the Court noted that 'a district court *may order* that a party seeking discovery pay a portion of the expense.' "). Accordingly, to the extent Plaintiff seeks an award of fees incurred in litigating this discovery dispute, that request is **DENIED**. Doc. 41, in part; doc. 46, in part. To the extent Defendant requests that Plaintiff cover the costs of copying the documents, that request is also **DENIED**. Doc. 57, in part.

## CONCLUSION

For the foregoing reasons, Plaintiff's request that the Court order Defendant to produce redaction-free documents responsive to Request No. 3 is **GRANTED**. Doc. 41, in part; doc. 56, in part. Plaintiff's request that the Court order Defendant to produce legible bank statements is also **GRANTED**. Doc. 41, in part; doc. 56, in part. Plaintiff's request that the Court order Defendant to label paychecks with pay periods, however, is **DENIED**. Doc. 41, in part, doc. 56, in part. Accordingly, Defendant's request that the Court deny Plaintiff's Motion to Compel is **GRANTED**, in part, and **DENIED**, in part. Doc. 42; doc. 57.

To the extent Plaintiff requests that Defendant cover Plaintiff's expenses incurred in litigating this discovery dispute, that request is **DENIED**. Doc. 41, in part; doc. 56, in part. To the extent Defendant requests that the Court order Plaintiff to cover Defendant's costs associated with photocopying and sending Plaintiff the documents, that request is **DENIED**. Doc. 57, in part. Defendant is **DIRECTED** to produce legible documents in response to Request No. 3 which do not

include redactions within 14 days from the date of this Order in a manner compliant with Fed. R. Civ. P. 34.

**SO ORDERED**, this 23rd day of March, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA