# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| EDONIS REYES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CV421-213 |
| | ) | |
| SELECT PRECAST LLC, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

Defendant Select Precast LLC filed a Notice of Request for Plaintiff to File Originals of Discovery Materials pursuant to S.D. Ga. L. Civ. R. 26.4. Doc. 107. The Notice requests that Plaintiff file two categories of original discovery materials on the docket. *Id.* at 1. Under Local Rule 26.4:

> (a) Counsel in possession of original discovery materials . . . shall act for the Court as custodian of such materials and shall preserve them for filing as provided in . . . subsection (b) of this rule.
>
> (b) A request to the custodian to file original discovery materials shall specify the particular materials or portions thereof which the requesting party desires to have filed,

and the custodian shall file such materials promptly upon receiving the request.

S.D. Ga. L. Civ. R. 26.4(a)-(b).  Although Local Rule 26.4(b) does not expressly contemplate a "request" for original discovery materials being made in the form of a motion, Plaintiff Edonis Reyes has not responded to Defendant's Notice within the 14-day response period set by Local Rule 7.5.  *See* S.D. Ga. L. Civ. R. 7.5 ("Failure to respond within [14 days] shall indicate that there is no opposition to a motion.").  Accordingly, Defendant's unopposed request is **GRANTED**, doc. 107, and Plaintiff is **DIRECTED** to file the two categories of original discovery materials listed in the Notice on the docket within 14 days of the entry of the entry of this Order.

The Court must also address the parties' status reports, docs. 106 & 108, filed after a May 30, 2023 status conference before the District Judge.  Doc. 105 (Minute Entry).  At the status conference, the parties indicated that they intended to mediate this case.  *Id.*  Defendant subsequently filed a status report indicating that the mediation was unsuccessful, and discussing specific details regarding the mediation. *See generally* doc. 106.  Plaintiff then filed a status report confirming that the mediation was unsuccessful, and discussing additional details about

the mediation. *See generally* doc. 108. Plaintiff asserts that Defendant's status report "disclose[s] settlement discussions with Plaintiff's counsel to the Court, which violates local rule 16.7.8." *Id.* at 1-2. Plaintiff asks the Court to "disregard" the details of the mediation discussed in Defendant's status report. *Id.* at 2.

> Under Local Rule 16.7.8:
>
> Except upon the mutual consent of the parties, all communications in the mediation conference and the results thereof are confidential and shall not be discoverable or admissible in any proceeding, *and shall not be communicated to a judicial officer exercising jurisdiction over the case while the case is pending.*

S.D. Ga. L. Civ. R. 16.7.8 (emphasis added). Both status reports were improperly filed on the docket because they disclose "communications" made at the mediation. *See generally* docs. 106 & 108. Accordingly, the Clerk is **DIRECTED** to maintain those two filings **UNDER SEAL**. Docs. 106 & 108; *see Middlebrooks v. Equifax, Inc.*, 2023 WL 2375053, at *1 (N.D. Ga. Jan. 20, 2023) ("Courts have the authority to order documents to be sealed or redacted—even if no party files a motion seeking such relief.").[1] Although both documents are to be sealed, the

---

[1] The Court recognizes that "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental

Clerk is **DIRECTED** to note on the docket that Plaintiff's Report requests that "the Court set a trial for plaintiff's FLSA retaliation claim and issue any pretrial deadlines as determined by the Court." Doc. 108 at 2.

**SO ORDERED**, this 3rd day of August, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

in securing the integrity of the process." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (internal quotation marks omitted) (quoting *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839 (1978), and *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001)). However, "the common law right of access applies *only* to judicial documents that are 'integral to judicial resolution of the merits.'" *Locke v. Warren*, 611 F. Supp. 3d 1375, 1381 (S.D. Fla. Feb. 10, 2020) (emphasis in original) (quoting *Comm'r, Ala. Dept. of Corr. v. Advance Loc. Media*, 918 F.3d 1161, 1167-68 (11th Cir. 2019)); *see also Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1362 (11th Cir. 2021). To the extent that Plaintiff's report requests that a trial be set, that request is preserved on the public docket above. There is no other indication that either reports are "judicial records," since "no party has used [them] to make an argument that the Court must take some action[.]" *Bush v. Nationwide Mut. Ins. Co.*, 2023 WL 1822399, at *3 (S.D. Ga. Feb. 8, 2023); *see also Callahan*, 17 F.4th at 1363 ("What matters is how the document was used by the parties—to support an argument before the court—and not whether the court itself used the document to resolve that argument.").