# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

EDONIS REYES, )
)
       Plaintiff, )
)
v. )
) CV421-213
SELECT PRECAST LLC, )
)
)
       Defendants. )

## ORDER

Defendant Select Precast LLC has moved to compel Plaintiff to pay fees it incurred in securing services from one of its expert witnesses, Christopher Holland. *See* doc. 111. Plaintiff opposes, doc. 113, and Defendant has replied, doc. 116. The Motion is, therefore, ripe for disposition. Before discussing it, however, Defendant has also filed unopposed motions seeking the filing of original discovery materials. *See* docs. 112 & 117. Plaintiff has proactively filed the discovery requested in the first Motion. *See* doc. 114. It is, therefore, **DISMISSED** as moot. Doc. 112. The second is **GRANTED** as unopposed. Doc. 117. Plaintiff is **DIRECTED** to file his First Request for the Production of Documents,

dated July 28, 2021, *see* doc. 117 at 1, by no later than seven days from the date of this Order.[1]

Defendant's Motion for fees is procedurally improper. This case was reassigned from the Honorable William T. Moore, Jr. to the Honorable R. Stan Baker in June 2022. *See* doc. 74. In his Rule 26(f) Order, Judge Baker expressly advised the parties that "[i]f any discovery disputes should arise . . . , *the parties must comply with the procedures contained in the "Resolution of Discovery Disputes" portion of the Rule 26 Instruction Order.*" *Id.* (emphasis added). That Order states that "discovery disputes" include "any motions filed pursuant to Title V of the Federal Rules of Civil Procedure," doc. 74 at 6, which includes Rule 26. It also requires that, if the parties are unable to resolve the dispute, "they must then schedule a telephonic conference with the Magistrate Judge in an effort to resolve the discovery dispute prior to the filing of any motions." *Id.* at 7. "The Court will refuse to hear any discovery motion unless . . . all the above-identified steps have been strictly complied with." *Id.* Defendant did not request any conference with the undersigned. *See*

---

[1] A copy of the requests is attached to Defendant's reply brief. *See* doc. 116-1. The Court relies on that copy for purposes of the analysis below.

*generally* docket. Pursuant to the District Judge's Order, therefore, the Court will refuse to hear Defendant's Motion and it is **DISMISSED**.[2] Doc. 111.

In the spirit of Federal Rule of Civil Procedure 1's mandate to apply procedural rules "to secure the just, speedy, and inexpensive determination of every action and proceeding," and given the pendency of trial, *cf.*, doc. 119, the Court will provide some *obiter dicta* concerning Defendant's Motion. Defendant's Motion explains that Plaintiff served a subpoena on its expert witness, Christopher Holland, to testify at a deposition on March 23, 2022. Doc. 111 at 2. "At the end of the deposition, [Holland] explained his hourly rate calculation of $300.00 per hour that he would make to determine the final structure of his fee." *Id.* Plaintiff objected to the rate. *Id.* Despite that objection, Plaintiff concedes that he must pay Holland $450.00 for the 1.5 hours Holland attended his deposition. Doc. 113 at 1. The parties dispute whether

---

[2] Defendant laments the expenses it has incurred in the dispute over its expert's fees. *See* doc. 116 at 3 ("Ironically, the Defendant's expenses incurred in its efforts to collect this Twenty-Four Hundred debt, if successful, regulates [sic] such efforts to a Pyrrhic victory."). If Defendant had complied with the District Judge's instructions, the undersigned might have been able to address the issues discussed below, prior to the need for any party, to say nothing of the Court, to expend unnecessary resources.

Plaintiff is obligated to pay additional fees incurred for Holland's other services.

Rule 26(b)(4)(E) requires that "the party seeking discovery" must pay an expert "a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) . . . ." Rule 26(b)(4)(A), in turn, requires "a report from the expert," which is a precondition for a deposition. Fed. R. Civ. P. 26(b)(4)(A); *see also* Fed. R. Civ. P. 26(a)(2)(B). Defendant's Motion attaches a copy of Holland's invoice seeking, in addition to his fee for attending the deposition, $1,950.00 for "[a]nalysis of payroll for Edonis Reyes for William Maston." Doc. 111-1 at 1. Defendant states that the analysis was conducted, and the fee incurred, "to prepare the report that is required by Rule 26(a)(2)(B)." Doc. 111 at 3; *see also id.* ("the reasoning of the legitimacy of the debt is simple: Basically, before the Counsel for Reyes can take Mr. Holland's deposition, such Counsel must be provided a report, and before the report can be constructed, Mr. Holland must spend time to analyze [data], which is 'time spent in responding to discovery."). Defendant is emphatic that "[i]t cannot be reasonably disputed that Mr. Holland was retained to provide expert testimony in this case." *Id.* at 4. In other words, Defendant argues that the fee-

shifting provision in Rule 26(b)(4)(E) explicitly refers to discovery "under Rule 26(b)(4)(A)," and thus, Plaintiff should pay the entire fee, including time spent analyzing the payroll and preparing the report. *Id.* Plaintiff counters that "Defendant's counsel requested Mr. Holland to produce and analyze these reports, and Plaintiff should not be responsible for compensating Mr. Holland for the time he spent preparing them." Doc. 113 at 3.

In one of its reply briefs, Defendant shifts its argument. Instead of asserting that the reimbursement is required for preparation of an expert report drafted prior to a deposition, it argues that Plaintiff requested the reports pursuant to a request for production of documents under Rule 34. *See* doc. 116 at 2. That reply also attaches an affidavit from Holland that clarifies that the invoiced amount is comprised of "$1,575.00 for 5.25 hours of [his] time," including "(1) initial analysis of the subject time sheets; (2) telephone conferences and emails to and from William G. Maston; (3) draft of a Report and its Amendment; and (4) later review of the subject time sheets shortly before [his] deposition." Doc. 116-2 at 2. The invoiced amount also includes three hours of Holland's employee's time "to compile the subject time sheets." *Id.* It is unclear whether

Holland's employee "compile[d]" the time sheets in preparation of the original report or the deposition, but it seems reasonable that they would have been compiled before the "initial analysis." *Id.*

As a prominent treatise succinctly states: "Compensation for time spent preparing for [an expert's] deposition has proved a divisive issue." 8A Richard L. Marcus, Federal Practice & Procedure § 2034 (3d ed. Apr. 2023). In particular, "the open-ended possibility that much ordinary trial preparation might be charged to the opponent by this device warrants caution." *Id.* Given that caution, the Court finds Defendant's first argument unconvincing. An expert's preparation of a report and supplements, pursuant to Rule 26(a)(2)(B) and (e), is necessary for the expert to testify at all. *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.") Given the necessity of the report, it is inconceivable that an opposing party somehow becomes obligated to subsidize its preparation by later seeking to depose the expert. *Cf.* Federal Practice & Procedure § 2034 ("[T]here is no provision for payment

of the expert's fees for preparation of a report or the rather extensive other information required to be disclosed under Rule 26(a)(2).")

In a second reply, or "supplement," Defendant provides, for the first time, legal authority construing the Federal Rules. *See* doc. 118. Plaintiff did not file any sur-reply addressing either Defendant's new argument or newly cited authority. *See generally* docket. However, the cases that Defendant cites do not support shifting the cost incurred to prepare a mandatory Rule 26(a)(2)(B) report to an opposing party, merely because the opposing party seeks to depose the expert. While *Waters v. City of Chicago*, *see* doc. 118 at 1-2, considered whether "preparation time" for a deposition is compensable, it does not even suggest that the necessary preparation of a Rule 26(a)(2)(B) report is compensable. *See* 526 F. Supp. 2d 899, 900-01 (N.D. Ill. 2007). *Halasa v. ITT Education Services, Inc.*, also considered an expert's compensation for "(1) deposition preparation, (2) travel to and from the deposition, and (3) time spent reviewing his deposition transcript." 690 F.3d 844, 852 (7th Cir. 2012). But it did not consider time spent preparing a Rule 26(a)(2)(B) report.

Indeed, Holland's affidavit, while not entirely clear, strongly implies that a considerable portion of the time he expended was occupied

in preparing the report, not responding to discovery or preparing for his deposition. *See* doc. 116-2 at 2. As another District Court has explained: "Because researching and drafting an expert report is part-and-parcel to [an expert's] employment as an expert witness . . . , undertaking such activities is not "time spent in responding to discovery" in relation to the [opposing party's] deposition subpoena. [Cit.] Requiring [an opposing party] to pay for such activities would be unreasonable or manifestly unjust because it would effectively shift the burden of paying for [the expert's] trial preparation from [the propounding party] to the [opposing party]." *Kohn v. Glenmede Tr. Co., N.A.*, 2019 WL 7372320, at *6 (N.D. Ohio Dec. 31, 2019).

Likewise, Defendant has pointed to no compelling or persuasive authority which suggests that an expert's preparation of a Rule 26(a)(2)(B) report is compensable when an opposing party requests that report in other discovery or chooses to depose the expert. Moreover, given the mandatory disclosure of the report, it is unclear whether the Rule 34 request cited by Defendant is not wholly redundant. *See* doc. 116-1 at 6 (seeking "[c]opies of any and all reports obtained by Defendant which Defendant intends to rely upon during the trial of this matter."). Even if

Defendant's more-than-strained assertion that Plaintiff's document request constituted "seeking discovery," doc. 118 at 2-3, the expert could not have incurred any additional cost in preparing it.

The Court hopes that the discussion above will facilitate any further discussions between the parties concerning their respective responsibilities for Holland's fees. To the extent that either party wishes to pursue further motions practice concerning those fees, nothing in the *dicta* portions of this Order should deter them. They must, however, comply with the District Judge's Order before any such motion is filed.

**SO ORDERED**, this 25th day of September, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA